```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF MISSISSIPPI
                          JACKSON DIVISION
```

AMANDA EDWARDS, ET AL.                                      PLAINTIFFS

VS.                                    CIVIL ACTION NO. 3:08CV735TSL-JCS

AMERICAN GENERAL LIFE AND
ACCIDENT INSURANCE COMPANY, ET AL. DEFENDANTS

## MEMORANDUM OPINION AND ORDER

On October 26, 2008, plaintiffs Amanda Edwards, Dextra Davis, Hilda Johnson, Heather Davis, Brian Walden and Kimberly Taylor filed this lawsuit in the Circuit Court of Hinds County, Mississippi, against American General Life and Accident Insurance Company (American General) and Brian Muse, asserting various fraud-based claims and claims for breach of the duty of good faith and fair dealing, negligence and/or gross negligence, and intentional and/or negligent infliction of emotional distress grounded on allegations that Muse, on behalf of American General, fraudulently induced them to leave their jobs and enter into employment relationships with American General by using false, misleading and fraudulent representations and/or omissions as to the amount and terms of their compensation with American General. On December 2, 2008, American General removed the case, and thereafter, on February 3, 2009, moved pursuant to the Federal Arbitration Act to compel arbitration of plaintiffs' claims

against it.  Defendant Muse subsequently joined in the motion to compel arbitration.  Plaintiffs responded in opposition to the motion, arguing at length that their claims do not fall within the scope of the subject arbitration agreement.

In reviewing the record, it has become apparent to the court that subject matter jurisdiction is lacking in this cause so that the case must be remanded.[1]  The Federal Arbitration Act "is 'something of an anomaly' in the realm of federal legislation:  It 'bestow[s] no federal jurisdiction but rather requir[es] [for access to a federal forum] an independent jurisdictional basis' over the parties' dispute."  Vaden v. Discover Bank, --- S.Ct. ----, 2009 WL 578636, 6 (2009) (quoting Hall Street Assocs., L.L.C. v. Mattel, Inc., 552 U.S. ----, ----, 128 S. Ct. 1396, 1402, 170 L. Ed. 2d 254 (2008)).  American General removed this case from state court on the basis of diversity jurisdiction, asserting that Brian Muse, whose Mississippi citizenship is the same as that of plaintiffs, was fraudulently joined and that his

---

[1] The court does not consider that plaintiffs have conceded fraudulent joinder, and hence diversity jurisdiction, by failing to move to remand or otherwise object to the removal. "Parties cannot confer subject matter jurisdiction on federal courts.  Indeed, federal courts can dismiss for lack of subject matter jurisdiction sua sponte, at any time during the pendency of the case."  Johnson v. Daimler Chrysler Corp., Civil Action No. 2:06CV36KS-MTP, 2006 WL 3511438, 3 n.1 (S.D. Miss. Dec. 5, 2006) (citing U.S.C. § 1447(c), which provides, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded [to state court].").

2

citizenship is therefore to be disregarded in assessing whether there is complete diversity of citizenship.  Specifically, American General asserted that plaintiffs had pled no viable cause of action against Muse.  According to American General, plaintiffs did not direct any of their allegations toward Muse, and in fact, mentioned him only twice in the complaint, once in their jurisdictional allegation that Muse is a Mississippi resident, and again in their allegation that Muse was a manager with American General and acted on its behalf.  It argues, moreover, that the specific causes of action actually pled by plaintiffs (which do not refer to Muse individually but rather collectively to "defendants") pertain solely to negotiations and conversations leading up to the execution of their employment contracts with American General, to the terms of which plaintiffs are bound, regardless of whether plaintiffs were aware of their contents.  It submits, in other words, that as a matter of law, Muse cannot be liable for representations that were inconsistent with the terms of the ultimate employment contract.

The court's independent review of the complaint leaves this court with a very different impression than that suggested by American General as to the allegations against Muse.  In particular, plaintiffs specifically charge that Muse, on behalf of American General, contacted them individually and encouraged them to quit their jobs in order to come to work for American General,

3

and they charge that during each of Muse's conversations with plaintiffs, he made them certain promises and representations regarding the compensation they would receive with American General but failed to inform them that the promised base compensation was subject to validation periods and would expire if plaintiffs failed to perform adequately during the validation period. No one other than Muse is identified as having recruited them for employment with American General, or having made any of the alleged misrepresentations or omissions. This suffices to state a claim for relief. See <u>Reed v. American General Life & Acc. Ins. Co.</u>, 192 F. Supp. 2d 641, 645 (N.D.Miss. 2002) ("Under Mississippi law, an agent for a disclosed principal can be held personally liable for his own tortious acts committed within the scope of his employment, and a tort claim can be maintained against that agent. The agent is subject to personal liability when he 'directly participates in or authorizes the commission of a tort.'") (citations omitted).

The court does recognize that the specific counts of plaintiffs' complaint which set forth their causes of action (including their causes of action for fraudulent misrepresentation and fraudulent suppression/concealment), refer to American General and Muse collectively and do not refer to Muse individually, by name. However, plaintiffs' complaint is not comparable to complaints in other cases in which the courts have held that

4

generic references to "defendants" are not sufficient to state a claim against the allegedly fraudulently joined resident defendant.  Cf. Cranston v. Mariner Healthcare Mgmt. Co., No. 3:03CV10-D-A, 2003 WL 21517999, 3 (N.D. Miss. June 18, 2003) (allegation against resident defendant fatally deficient where plaintiffs merely alleged, "in very general and conclusory terms, that the Defendants collectively engaged in tortious conduct," and there were "no specific factual allegations . . . concerning the individual Defendant['s] participation in any of the alleged tortious acts, much less any factual allegations that would tend to suggest that her involvement was anything other than merely peripheral").  Rather, it is manifest here that plaintiffs' causes of action are all based on plaintiffs' specific factual allegations that Muse, in recruiting plaintiffs to work for American General, falsely represented to them the compensation they would receive as employees of American General and failed to inform them of material facts regarding their compensation.  Thus, as to Muse, the complaint is not deficient merely because it contains no specific reference to him by name in the individual counts.  See Matthews v. SMV Property Holdings, LLC, Civil Action No. 4:08CV118-P-S, 2008 WL 5111075, 3 (N.D. Miss. Dec. 3, 2008) (court could not conclude there was no reasonable possibility of recovery since, although complaint did not "specifically single out [the resident defendant's] allegedly negligent conduct, the

5

term 'defendants' includes [the resident defendant] and the allegations as they pertain to [the resident defendant], if proven, would apply to her during the period she was involved in [the plaintiff's] treatment").

Moreover, while American General argues that plaintiffs can have no viable claim against Muse for his alleged misrepresentations/omissions because they eventually did enter into employment agreements which set forth the terms and conditions of their employment relationship, including compensation, see Hutton v. American General Life & Acc. Ins. Co., 909 So. 2d 87, 94 (Miss. Ct. App. 2005) ("In the face of the contract, a party's reliance upon contrary representations by the agent is unreasonable."), it does not appear that Muse's alleged representations are contradicted by the terms of the employment agreement identified by American General.

Accordingly, based on the foregoing, it is ordered that this cause is remanded.

SO ORDERED this 31st day of March, 2009.

                                                /s/ Tom S. Lee
                                        UNITED STATES DISTRICT JUDGE